INTERNATIONAL & G. N. RY. CO. v.
SUTHERLAND.   (No. 5722:)

(Court of Civil Appeals of Texas.   San Antonio.
Nov. 8, 1916.)

1. APPEAL AND ERROR ⬅742(4)—RESERVA-
TION OF GROUNDS OF REVIEW—ADMISSION
OF EVIDENCE.
   Where the statement following an assign-
ment of error to the admission of testimony
failed to show it was objected to, or any bill
of exceptions taken to refusal to withdraw it
from the jury, and no such bill appeared in the
record, which showed the jury was instructed
not to consider the testimony, the assignment
will not be considered.
   [Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3000; Dec. Dig. ⬅
742(4).]

2. EVIDENCE ⬅368(1) — DOCUMENTS — PRO-
DUCTION OF WRITTEN CONTRACT.
   Where the suit of a shipper of live stock for
damages from negligence in handling was not
based on a written contract, but on the contract
arising from delivery to a railway to be deliver-
ed by it to the negligent road, and no effort
was made to have a bill of lading produced, the
court was not in error in failing to require plain-
tiff to produce any written contract.
   [Ed. Note.—For other cases, see Evidence,
Cent. Dig. § 1540; Dec. Dig. ⬅368(1).]

Appeal from Jim Wells County Court; L.
Broeter, Judge.

Suit by G. W. Sutherland against the In-
ternational & Great Northern Railway Com-
pany and another. From a judgment for
plaintiff against the named defendant, it ap-
peals. Judgment affirmed.

Greer & Hamilton, of Laredo, and Wilson,
Dabney & King, of Houston, for appellant.
Dougherty & Dougherty, and H. S. Bonham,
all of Beeville, for appellees.

FLY, C. J. This is a suit instituted by ap-
pellee to recover damages arising from neg-
ligence in handling certain cattle and delay
in transportation, said cattle having been
shipped from Hebbronville, Tex., to Ft.
Worth, Tex. There was no contract alleged,
except one arising from delivery of the cat-
tle to the Texas Mexican Railway Company
to be by it delivered to appellant. Receivers
of appellant answered by general demurrer
and general denial. The cause was submit-
ted to a jury on special issues, and upon the
answers judgment was rendered for appellee
as against appellant for $250, and in favor
of the Texas Mexican Railway Company, that
appellee recover nothing by his suit.

[1] The first assignment of error seeks to
raise error as to the admission of testimony
upon the part of J. W. Sutherland as to a
conversation he had with C. Hanson, appel-
lant's live stock agent. The statement fol-
lowing the assignment of error fails to show
that the evidence was objected to, or that
any bill of exception was taken to a refusal
to withdraw it from the jury. No such bill
of exceptions appears in the record, and if it
did the record shows that the jury was in-
structed not to consider the testimony to
which the assignment of error applies. The
assignment of error will not be considered.

[2] The second assignment of error seeks
to question the action of the court in fail-
ing to require appellee to produce a bill of
lading or other written contract. The state-
ment fails to indicate that appellant made
any effort to have appellee produce a bill of
lading. It would have been rather difficult
for appellee to produce a bill of lading, as
none was given him by the initial carrier, and
his suit was not based on a written contract.
The statement under the assignment of error
seems to have no application to it whatever.
The assignment of error is overruled.

It was alleged as one of the grounds of
negligence that appellant had caused the cat-
tle "to be needlessly unloaded for feed and
water, whereby said stock were delayed for
many hours." For some reason not disclosed
by the assignment of error, which is submit-
ted as a proposition, objection is made to
the submission of the issue, but the record
fails to show that any such issue was submit-
ted to the jury. The assignment is overruled.

The evidence is sufficient to sustain the
answers of the jury.

The judgment is affirmed.